[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This habeas corpus petitioner alleges ineffective assistance of counsel in the course of his re-arrest and subsequent hearing on the charge of violation of probation.
There appears to be no question that he was guilty of the violations alleged, a series of failures to report to his probation officer, and failure to keep the officer informed of his whereabouts and address and employment changes.
The petitioner argues that but for the shortcomings of his counsel, the court would not have revoked his probation and ordered him to serve the suspended portion of a prior sentence. three years. CT Page 3629
As is frequently the case in such matters, there are substantial discrepancies between the testimony of the petitioner and that of the attorney.
However, these facts are undisputed:
1) The petitioner did not wish to plead to the violation;
2) The state's attorney would not plea bargain;
3) The probation officer and members of the petitioner's family suspected he was using drugs;
4) The petitioner's grandmother, with whom he resided, reported he had moved out. She did not know where he was.
While the petitioner would have the court believe his counsel did virtually nothing in his behalf, he does not appear to have even advised her of his whereabouts. The violation hearing was scheduled for July 3, 1990. Counsel wrote the petitioner on June 28, 1990 insisting he see her "as soon as possible." This letter was returned by the post office indicating the petitioner was not known at that address. Counsel's concerns, expressed in the letter, support her contention that the petitioner was not cooperating and was misleading probation and her as to his whereabouts.
The petitioner also argues that counsel should have consulted with his probation officer who had applied for the violation warrant. Counsel testified to having called this officer and written to her. A copy of this letter is in evidence. The probation officer did not indicate what she did about the letter and denied a phone conversation with petitioner's counsel. The certified letter indicates it was received and counsel states the probation officer was angry with the petitioner and would not speak about the violation. Counsel's version has evidentiary support.
The petitioner's major claims as to ineffective assistance of counsel centers about her conduct during the hearing on the alleged violations. An examination of the transcript indicates the court's displeasure with petitioner, much of which was directed at this counsel. Counsel is criticized by the petitioner for relying on his hospital records and his treatment there was justification for his failure to report. Unfortunately, these records did not support the petitioner's position and revealed to the court his prior drug abuse.
The petitioner's expert stated it was ineffective assistance CT Page 3630 for counsel to use these records and this "defense." In fact, the petitioner had no defense and when questioned by the court as to his opinion, this witness stated it was a bad move to put on this hearing as it upset the judge and the proper move would have been to admit the violation and beg the court to re-impose a probationary period. This argument ignores the fact that Mr. Canady had already indicated he would not admit the violation — a position he reiterated during the habeas corpus hearing. It is significant too that he had given his probation officer problems on an earlier occasion. This revelation prompted the court to comment at one point in the hearing, "I'm getting the message loud and clear."
As for the charge that use of the records tipped off the court to the petitioner's drug use, this ignores two significant facts: first, on the hearing date, this petitioner had pending a narcotics possession charge which the court nolled at the conclusion of the hearing; and second, the question of Mr. Canady's drug use was injected into the violation hearing in the testimony of the probation officer who repeated what his grandmother had told her.
An examination of the hearing transcript reflects the fact that Mr. Canady took the stand and attempted to justify his failures to report on the grounds of his automobile accident and later bronchitis attacks. Counsel brought out and argued that he was in pain on dates he was to report, even if there was no actual treatment received on those dates. Counsel is also criticized for the fact that on redirect examination, her attempts at rehabilitation went for naught. After the state effectively cross-examined him, Mr. Canady was asked why he didn't report in 1990. His response was "I don't know. I just didn't." Petitioner's counsel suggests it was misfeasance for the attorney to ask that question as he should have been better prepared to answer it. Of course, the answer might just have been the truth, but obviously counsel assumed he would go back to the explanation he offered in his direct, which he eventually did.
In summary, the petitioner's attack on his prior counsel is seen by the court as a combination of second-guessing and speculation. Unless she fabricated a defense for him, there was nothing she could do to change the fact that the judge who heard the matter was looking for an explanation and he was going to impose the unexpired portion of the sentence if one was not forthcoming. His skepticism of the petitioner's good faith is apparent from a reading of the transcript. To suggest an admission of guilt would have placated the court and resulted in a a further probationary period is idle speculation with no basis in fact in the transcript. CT Page 3631
The petition is denied.
ANTHONY V. DeMAYO, JUDGE